IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 15, 2003

## STATE OF TENNESSEE v. CRAIG PATRICK HEBERT

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-T-158    Frank G. Clement, Jr., Judge**

_____

**No. M2002-03088-CCA-R3-CD - Filed February 4, 2004**

_____

A Metro Nashville police officer stopped the appellant for improper mounting of tags on his vehicle and drinking a beer while driving in downtown Nashville. After performing poorly on the field sobriety test, the police officer arrested the appellant and asked him to take a breathalyzer test. After taking the test, the officer determined the appellant was intoxicated and arrested him for Driving Under the Influence (DUI). The appellant now appeals arguing that the evidence was insufficient to support his conviction and the State did not meet the requirements under State v. Sensing, 843 S.W.2d 412 (Tenn. 1992), for introducing the breathalyzer test. We conclude that there is sufficient evidence to support the conviction and that the Sensing requirements are not applicable to the case at hand because the results of the breathalyzer test were not introduced into evidence. We also hold that the arresting officer's testimony concerning the appellant's behavior while taking the breathalyzer test was admissible in evidence against the appellant. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

David E. Brandon, Nashville, Tennessee, for the appellant, Craig Patrick Hebert.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Victor S. Johnson, District Attorney General; and Scott McMurtry, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

On March 8, 2001, Nashville and Davidson County Metropolitan Police Officer Jeb Johnston stopped the appellant while in downtown Nashville because of the improper display of his temporary license tag and because he saw the appellant take a drink of his beer while he was driving. Officer Johnston stated that the appellant's eyes were bloodshot and his speech was slurred. The appellant told Officer Johnston that he had had two beers.

Officer Johnston then requested the appellant to perform certain field sobriety tasks. The appellant performed the walk and turn and the one-leg stand. Based on the appellant's performance on these tasks, the officer concluded that the appellant was intoxicated. He then asked the appellant to take the breath-alcohol test by blowing into the breathalyzer. After much debate, the appellant eventually agreed.

During his breath alcohol test, the appellant did not blow continuously. The print-out from the breathalyzer machine stated that it was an insufficient sample, but also gave a reading of .096. Officer Johnston then arrested the appellant and took him to jail.

The appellant was indicted by the Davidson County Grand Jury on May 8, 2002 for DUI and violation of the implied consent law. The appellant was arraigned on June 6, 2002 and pled not guilty to the charges. The appellant filed a Motion to Suppress Blood Alcohol Test Results and a Motion to Suppress the Field Sobriety Test on June 19, 2002. The trial court held a hearing on the Motion to Suppress the Field Sobriety Test on August 8, 2002. The trial court denied the Motion to Suppress the Field Sobriety Test . The trial court also denied the Motion to Suppress the Blood Alcohol Test.

The appellant went to trial on November 18, 2002 and the jury found the appellant guilty of DUI. On November 19, 2002, the trial court imposed a sentence of 11 months and 29 days in the Davidson County Workhouse, suspended after service of 20 days, with 11 months and 29 days of probation to follow the service of the 20 days. The trial court also required the appellant to complete alcohol treatment, took his driver's license for a year, and assessed a $350 fine. The appellant filed a Motion for New Trial on December 11, 2002 that the trial court denied on December 16, 2002. The appellant filed a Notice of Appeal and a Motion for Stay pending the outcome of his appeal was filed on December 17, 2002. The trial court granted the Motion for Stay on December 19, 2002.

The appellant argues two issues on appeal: (1) whether the admissible evidence was sufficient to support the appellant's conviction and (2) whether the trial court erred by allowing the arresting officer to testify that the breath-alcohol measuring instrument received an "insufficient

sample," when the prosecution failed to carry its burden of establishing the State v. Sensing, 843 S.W.2d 412 (Tenn. 1992), requirements.

### Sufficiency of the Evidence

The appellant's first issue is that the evidence was not sufficient to convict him of DUI. He argues that after the evidence of the appellant trying to beat the breath-alcohol instrument is discarded, there is insufficient evidence to convict the appellant of DUI. He states that the arresting officer testified that the appellant was not driving in an impaired manner. He also relies on the trial court's statements that there was no evidence that the appellant was driving in an impaired manner, and the field sobriety tasks were not clear indications of intoxication after viewing the videotape of the appellant's arrest. The trial court also stated that the appellant's incessant conversation was an indication of intoxication.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

A person commits the offense of DUI when he is in physical control of an automobile on a public road or highway, while under the influence of an intoxicant. Tenn. Code Ann. § 55-1-401.

The only witness at the trial was the arresting officer, Officer Johnston. He testified that he first saw the appellant drinking a beer while he was driving. He then began to follow the appellant and realized that he was unable to see the appellant's temporary tag through the tinted windows of the car. The officer stated he stopped the victim after following him for a time. Officer Johnston

-3-

stated that when he stopped the appellant he noticed there was a strong odor of alcohol and that the appellant had bloodshot eyes and slurred speech.

Officer Johnston testified that he conducted two field sobriety test, the walk and turn task and the one-leg stand test. On the walk and turn test, Officer Johnston stated that the individual is supposed to stand on a line, heel to toe, with his right foot in front. He is then instructed to walk nine steps, heel to toe down the line, turn around and walk nine steps, heel to toe, back to the beginning. All this is to be completed with the individual's arms down at their side and not looking at the feet. Officer Johnston testified that the appellant was unable to keep his balance during the instruction phase of this task. The officer also stated that the appellant missed the heel to toe at least once, took ten steps walking both ways on the line, and stepped off the line coming back, as well as, raising his arms. On the one-leg stand, the individual is to stand on one leg about a dollar bill's length off of the ground and count beginning with 1,001. Officer Johnston testified that the appellant was unable to stand on one leg.

Officer Johnston then testified that he believed that the appellant was intoxicated. The officer then read the appellant the implied consent law and requested the appellant to take a breathalyzer test. Officer Johnston testified that the appellant never gave a definite answer, and instead asked the officer questions for about forty-five (45) minutes. After this time, the appellant agreed to take the breathalyzer test. When he gave the appellant the breathalyzer test, Officer Johnston testified that the appellant did not actually blow the requisite time into the machine. He testified:

> He acted like he was blowing, meaning he puffed his cheeks up. I pulled it out of his mouth and nothing was coming out. The instrument knows when you are blowing or not, it has a tone to it, meaning when you blow in there, the tone will be a steady tone. If you stop blowing, the tone stops. The tone stopped and I pulled it out and no air was coming out of his mouth.

After several attempts, a reading from the breathalyzer stated that there was an insufficient sample. Officer Johnston then completed his arrest of the defendant.

In addition to Officer Johnston's testimony, the jury also viewed a videotape of the stop, which included an audio recording of the exchange between the appellant and Officer Johnston. This tape was roughly one and a half hours long. This Court has also viewed the tape. An appellate court is equally as capable as a trial court of reviewing videotape evidence. See State v. Binette, 33 S.W.3d 215, 219 (Tenn. 2000). This video and audio tape supports the testimony of the officer. The appellant did have trouble with both sobriety tasks. The tape was extremely strong evidence as to the appellant's intoxication due to his rambling and sometimes illogical questions of Officer Johnston. The trial court stated that the appellant's incessant conversation was an indication of intoxication. We agree.

-4-

The testimony of Officer Johnston and the video and audiotape of the stop are sufficient evidence to support the appellant's conviction for DUI.

## Introduction of Breath-Alcohol Test

The appellant's next issue is that the trial court erred in allowing Officer Johnston to testify concerning the administration of the breathalyzer test because the State failed to carry its burden of establishing that the officer was qualified under the Sensing requirements. In State v. Sensing, 843 S.W.2d 412 (Tenn. 1992), the Tennessee Supreme Court established the threshold prerequisites for the admissibility of breath-alcohol testing device results without the benefit of expert testimony. The appellant argues that it was improper for Officer Johnston to testify that the volume of the appellant's breath sample was inadequate. Testimony concerning the actual administration of the breathalyzer test is very different from testimony concerning the results of the breathalyzer test. In fact, Officer Johnston never testified as to the number result of the breathalyzer test. In addition, the printout of the results of the breathalyzer test was never submitted into evidence. The Sensing requirements are designed to insure that an accurate *result* is produced and not applicable in this situation. Instead we must determine whether Officer Johnston's testimony is admissible as relevant evidence.

Evidence must be relevant and probative to an issue at trial in order to be admissible. State v. McCary, 922 S.W.2d 511, 515 (Tenn. 1996); see also Tenn. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. However, relevant evidence may be excluded at trial if the probative value of that evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Tenn. R. Evid. 403. The determination of relevancy is left to the discretion of the trial court, and this Court will not overturn a trial court's determination in this regard in the absence of an abuse of discretion. State v. Williamson, 919 S.W.2d 69, 78-79 (Tenn. Crim. App. 1995); State v. Forbes, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995).

Officer Johnston testified both to the general procedure of a breathalyzer test and to the actual events of the appellant's test. On direct examination, Officer Johnston testified to the following:

Q: Okay. When you gave him the mouth piece and asked him to blow in the instrument, did he?
A: He attempted to.
Q: What do you mean by that?
A: I mean, this is a simple breath alcohol test, anybody in this room can do it. You just have to take a deep breath and hold it and blow in there for about ten seconds or so. It will shut off when it gets enough sample, and then it goes through a series of internal checks and then it gives me a printout.
        He acted like he was blowing, meaning he puffed his cheeks up. I pulled it out of his mouth and nothing was coming out. The instrument knows when you are blowing or not, it has a tone to it, meaning when you blow in there, the tone will be

a steady tone.  If you stop blowing, the tone stops.  The tone stopped and I pulled it out and no air was coming out of his mouth.

Q:      Did the machine get enough air from the defendant to get an appropriate sample, a sufficient sample?

A:      No, sir.

We find this evidence relevant to the facts at hand.  The appellant's conduct with regard to taking the breath-alcohol test could be relevant to show that he was trying to beat the test or that he was too intoxicated to follow Officer Johnston's instructions. Officer Johnston's testimony is indeed relevant, but is not unfairly prejudicial, confusing or misleading.  The trial court did not abuse its discretion  in allowing this evidence to be presented to the jury.  Therefore, there was no error.

The judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE